NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LANEICE BENJAMIN | : | |
| Plaintiff, | : | Civil Action No. 06-635 (DRD) |
| v. | : | |
| VIJAY PENDESE and SHERIFF JERRY SPEZIALE | : | **OPINION** |
| Defendants. | : | |

## I. INTRODUCTION

Before this Court is Plaintiff LaNeice Benjamin's ("Plaintiff") unopposed application for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). (Docket Entry # 11). For the reasons set forth below, Plaintiff's application is **GRANTED**.

## II. BACKGROUND

On February 10, 2006, Plaintiff submitted a Complaint and an application to proceed *in forma pauperis* ("IFP"). Pursuant to this Court's March 24, 2006 Order, Plaintiff's request to proceed IFP was granted and her complaint was filed. Through said complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges violations of her constitutional rights arising out of medical treatment received while incarcerated at the Passaic County Jail. (Compl.) Specifically, Plaintiff alleges that she carried a dead fetus for almost three months while under the care of Defendant Vijay Pendese. (Compl. 7). On February 14, 2007, Plaintiff filed the application for the appointment of *pro bono* counsel that is now before this Court.

### III.  DISCUSSION

**A.     Legal Standard**

A civil litigant does not enjoy a constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (*citing Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)).  While Congress has empowered district courts to "request" counsel for civil litigants, they cannot "require" an unwilling attorney to serve as counsel.  *Id*. (*citing* 28 U.S.C. § 1915(e)(1)); *see also Christy v. Robinson*, 216 F.Supp.2d 398, 406, n. 16 (D.N.J. 2002) (citing *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301 (1989)).  District courts retain broad discretion in considering applications to appoint counsel pursuant to 28 U.S.C. § 1915.  *Montgomery*, 294 F.3d at 498 (*citing Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

When exercising its discretion under § 1915, this Court must follow the analytical framework set forth in the trilogy of Third Circuit decisions beginning with *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  See also *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Said framework begins with a threshold assessment of the merit of the claimant's case.  *Montgomery*, 294 F.3d at 499.  After finding " some arguable merit in fact and law," district courts in the Third Circuit must weigh a litany of factors known as the *Tabron* post-threshold factors.  *Id*. at 500.  These factors – designed to ensure that courts do not appoint counsel in frivolous cases – include:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue an investigation;

>> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses; and
> (6) the plaintiff's capacity to retain counsel on his own behalf.

*Id.* (*citing Tabron*, 6 F.3d at 155-57); See also *Parham*, 126 F.3d at 461 ("The *Tabron* factors will ensure that courts do not appoint counsel to frivolous cases").

When weighing the *Tabron* post-threshold factors, district courts must remain mindful of certain overriding considerations. First, the list is not exhaustive. *Id.* (*citing Parham*, 126 F.3d at 457("this list of factors is not exhaustive, but should serve as a guidepost for the district courts")). Next, "where a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel." *Parham*, 126 F.3d at 461. Third, district courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (*citing Parham*, 126 F.3d at 458 (3d Cir. 1997)).

**B.     Analysis**

    **1.     Threshold Analysis**

At the outset, this Court must assess Plaintiff's case and determine whether or not it has, "some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (*citing Tabron*, 6 F.3d at 155); *Parham*, 126 F.3d at 457. In *Inmates of Allegheny County Jail v. Pierce*, the Third Circuit offered the following to help district courts gauge whether or not a medical malpractice claim rises to the level of an Eighth Amendment violation:

> [a]lthough negligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution, failure to provide adequate treatment is a violation of the Eighth Amendment when it results from 'deliberate indifference to a prisoner's serious

illness or injury.'

612 F.2d 754, 762 (3d Cir. 1979) (*quoting Estelle v. Gamble*, 429 U.S. 97, 105 (1976)).  The Third Circuit went on to recognize that, "[s]ystemic deficiencies in staffing which effectively deny inmates access to qualified medical personnel for diagnosis and treatment of serious health problems have been held to violate constitutional requirements."  *Id*.

In light of this standard, Plaintiff's appears to present a cognizable claim. Plaintiff attributes the death of her unborn child to the Passaic County Jail's failure to furnish Defendant Pendse with the medical equipment he needed to properly treat her.  (Compl. p. 2). The complaint also includes a detailed "statement of claims" where Plaintiff identifies specific dates of diagnosis and medical treatment and a separate discussion of her efforts to seek relief via administrative remedies.  (Compl. p. 6-7).   Consequently, this Court is satisfied that Plaintiff's claims have "some arguable merit in law and fact" and will proceed to the Tabron post-threshold analysis.

**2.     Application of the *Tabron* post-threshold factors**

**(i)     the Plaintiff's ability to present her own case.**

In *Montgomery*, the Third Circuit offered the following guidance to district courts considering the first of the *Tabron* post-threshold factors:

> We have identified a number of factors that courts should consider in determining a plaintiff's ability to present her own case.  These include 'the plaintiff's education, literacy, prior work experience, and prior litigation experience,' along with a 'plaintiff's ability to understand English ...[and] the restraints placed upon [a prisoner plaintiff] by confinement.' [internal citations omitted]

*Montgomery*, 294 F.3d at 501.

While Plaintiff is literate, she remains incarcerated in the Passaic County Jail. Moreover, her submissions to date do not reflect a familiarity with the law or any prior experience with civil practice. Accordingly, this factor weighs in favor of the appointment of counsel.

### (ii) the complexity of the legal issues.

The Third Circuit has held that, "a § 1983 civil rights case alleging deliberate indifference to a prisoner's serious medical needs can raise sufficiently complex legal issues to require appointment of counsel." *Montgomery*, 294 F.3d at 502 (*citing Parham*, 126 F.3d at 459). Because this is such a case, the Court finds that this factor weighs in favor of the appointment of counsel.

### (iii) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation

The third *Tabron* post-threshold factor considers "a prisoner's inability to gather facts relevant to the proof of his claim." *Montgomery*, 294 F.3d at 503. To prove the claims raised in her complaint, Plaintiff will need to gather medical records and conduct depositions of both Defendant Pendese and the doctor who allegedly discovered the deceased fetus. Because the Court is satisfied that Plaintiff will not be able to conduct this factual investigation from the confines of the Passaic County Jail, this factor also weighs in favor of appointment of counsel.

### (iv) the amount a case is likely to turn on credibility determinations

District courts should find this *Tabron* post-threshold factor in favor of appointment of counsel where the case will become a "swearing contest." *Parham*, 126 F.3d at 460. There is nothing before this Court to indicate that this is such a case. Accordingly, this factor does not weigh in favor of the appointment of counsel.

**(v) whether the case will require the testimony of expert witnesses**

The Third Circuit has repeatedly recognized the need for expert testimony in proving a claim based on medical injury. *Montgomery*, 294 F.3d at 504; *Parham*, 126 F.3d at 460 ("A medical malpractice case involves complex facts and medical records that even most lawyers struggle to comprehend").  Because Plaintiff brings a claim based on medical injury, this factor weighs heavily in favor of appointment of counsel.

**(vi) whether the plaintiff can attain and afford counsel on her own behalf**

The Third Circuit found this factor weighing in favor of the appointment of counsel where the District Court approved the plaintiff's application to proceed IFP and there were no facts to suggest any change in the incarcerated plaintiff's financial status. *Montgomery*, 294 F.3d at 505.  Because Plaintiff's application presents identical circumstances, this Court also finds this factor to weigh in favor of the appointment of counsel.

## IV.  CONCLUSION

Where, as is the case here, "a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel. *Parham*, 126 F.3d at 461.  Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is **GRANTED**.  An appropriate Order will issue forthwith.


Dated: June 28, 2007                              s/ Esther Salas
                                                  **HONORABLE ESTHER SALAS**
                                                  **UNITED STATES MAGISTRATE JUDGE**